UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID TALBOT, et al.          :
                              :
     Plaintiffs               :
                              :
v.                            :   C. A. No. 07-0277 (RJL)
                              :
CENTRAL INTELLIGENCE AGENCY,  :
     et al.                   :
                              :
     Defendants               :

PLAINTIFFS' MOTION FOR A CONTINUANCE OF THEIR
RESPONSE TO DEFENDANT DEPARTMENT OF STATE'S MOTION
FOR SUMMARY JUDGMENT PENDING COMPLETION OF DISCOVERY

Come now the plaintiffs, David Talbot and Jefferson Morley, and move this Court for an extension of time, until ten days after completion of their discovery on issues arising out of defendant Department of State's "Glomar" defense. As grounds for their motion, plaintiffs represent to the Court as follows:

1. In moving for summary judgment, defendant Department of State ("DOS") has invoked the so-called "Glomar defense"; that is, it has refused to confirm or deny the existence of records responsive to plaintiffs' request for visa or passport records which involve the use of code names, cryptonyms, pseudonyms, or aliases by the subjects of their requests, George Joannides and David Morales.

2. In Philippi v. Central Intelligence Agency, 546 F.2d 1009, 1013 (D.C.Cir.1974), the D.C. Circuit held that where an agency refuses to confirm or deny the existence of responsive records, the district court "should attempt to create as complete

a public record as possible." Specifically, the agency asserting the <u>Glomar</u> defense is required "to provide a public affidavit explaining in as much detail as possible the basis for its claim that it can be required neither to confirm nor deny the existence of the requested records." <u>Id</u>. Once this has been accomplished, however, the agency's arguments "should then be subject to testing" by the party asking disclosure, "who should be allowed to seek appropriate discovery when necessary to clarify the Agency's position or to identify the procedures by which that position was established." <u>Id</u>.

  3. DOS has filed the Declaration of Margaret Grafeld, which, although very sketchy and generalized, is an attempt to comply with <u>Philippi</u>'s requirement for the filing of a public affidavit on the Glomar defense. Now, under <u>Philippi</u>, discovery my plaintiffs is appropriate. This discovery is necessary in order to clarify defendants' position in light of evidence that certain codenames, cryptonyms, pseudonys or aliases pertaining to David Morales and George Joannides, the subjects of plaintiffs' requests, already have been disclosed, and to identify the procedures by which defendant DOS established its position.

  4. Plaintiffs' counsel had intended to submit discovery requests contemporaneously with this motion, but it has developed that his client is out-of-town and is unable to provide his counsel with material relevant to the discovery requests until his return. Plaintiffs will file their discovery request no later than October 10, 2007.

3

5. Counsel for defendant DOS has advised that DOS does not oppose a continuance pending this Court's determination of whether to allow discovery, but will oppose discovery.

>Respectfully submitted,
>
>*/s/ James H. Lesar*
>JAMES H. LESAR  #114413
>1003 K Street, N.W.
>Suite 640
>Washington, D.C. 20001
>Phone:  (202) 393-1921

DATED;  October 3, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID TALBOT, et al.            :
                                :
        Plaintiffs              :
                                :
    v.                          :    C. A. No. 07-0277 (RJL)
                                :
CENTRAL INTELLIGENCE AGENCY,    :
    et al.                      :
                                :
        Defendants              :

**O R D E R**

Upon consideration of plaintiff's motion for a continuance of defendant Department of State's Motion for Summary Judgment pending completion of discovery pertaining to its <u>Glomar</u> defense, and the entire record herein, it is by this Court this ___ day of October, 2007, hereby

ORDERED, that proceedings regarding defendant Department of State's pending motion for summary judgment shall be continued until 10 days after completion of plaintiffs' discovery pertaining to defendant's <u>Glomar</u> defense.

_____
UNITED STATES DISTRICT COURT