UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID TALBOT, et al., :
Plaintiffs, :
v. :
CENTRAL INTELLIGENCE AGENCY, Et al., : C. A. No. 07-0277 (RCL)
Defendants :

REPLY TO DEFENDANT DEPARTMENT OF STATE'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

In cross-moving for summary judgment against the Department of State, plaintiffs challenged, inter alia, the adequacy of the State Department's search for responsive records, its invocation of Exemption 6, and its "Glomar" defense based on Exemptions 1 and 3.

With respect to Exemption 6, State has released the information previously withheld under this provision. Thus, the Exemption 6 issue is moot.

In light of the State Department's detailed explanation of its search under the true names of George Joannides and David Morales, plaintiffs withdraw their challenge to the adequacy of that search. Accordingly, the search issue is moot as regards the search under the true names of the subjects of the request.

The issue which remains is whether State may invoke the "Glomar" defense to avoid searching for passport and visa records under the aliases, pseudonyms, or codenames utilized by Joanides and Morales.\

ARGUMENT

Plaintiffs requested that the State Department's search for passport and visa records include a search under any code names, cryptonyms pseudonyms or aliases. (These terms will be collectively referred to herein as "aliases".) As an initial matter, State contends that plaintiffs only made this request with respect to Mr. George Joannides, not with respect to Mr. David Morales, and thus the latter records are not at issue in this litigation. Opposition to Plaintiffs' Cross-Motion for Summary Judgment and Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Opp.") at 5, n.2. This contention is not warranted.

Plaintiff Jefferson Morley's initial request, made January 12, 2007, was captioned "Visa and Passport Records on David Morales and Gordon Campbell." However, the body of the letter only specifically mentioned George Joannides, whose name was not contained in the caption. The request did specify that the search should include code names, cryptonyms, pseudonyms and aliases used by Joannides. See Attachment 1. State's March 2, 2007 response noted that "[t]he subject line of your request letter indicates several individuals who do not appear to be a part of your request." Accordingly, State said that it interpreted the request to "as concerning passport and visa records pertaining solely to Mr. George Joannides." See Attachment 2.

By letter dated April 23, 2007, plaintiffs' counsel responded to this letter and advised that the request "seeks passport and visa records on George E. Joannides and David Morales." This letter also noted that by letter dated February 21, 2007, "the request for records pertaining to Gordon Campbell is withdrawn." See Attachment 3.

By letter dated June 22, 2007, State acknowledged that Morley had submitted a valid request for "records concerning Joannides . . . and Morales. . . ." See Attachment 4.

Upon receipt of an ambiguous request, an agency must either accord it the broader interpretation or clarify the precise scope of the request. This Court made this clear in a previous case involving the Department of State, Hemenway v. Hughes, 601 F.Supp. 1002 (D.D.C. 1985). There, this Court ruled that "the agency must be careful to not to read the request so strictly that that the requester is denied information the agency well knows exists in its files. . . To conclude otherwise would frustrate the central purpose of the Act." Id., at 1005. Here, once Morley's counsel clarified that the original request had intended to include David Morales and Gordon Campbell, but that Campbell had been withdrawn, it was reasonable to interpret this as meaning that the same search of code names, cryptonyms, pseudonyms and aliases which had been requested with respect to Joannides also applied to Morales. Given the absence of any notice by State that it was restricting the scope of the request pertaining to Morales in a way that it did not restrict the scope of the request pertaining to Joannides, the request pertaining to Morales must be read to include the same kind of search sought with respect to Joannides.

With respect to its "Glomar" defense refusing to confirm or deny the existence of any records locatable under a search of aliases used by Joannides and Morales, the State takes note of the fact that Morley has adduced evidence in the form of officially released CIA records which show the use of certain aliases by Joannides and Morales. It argues that assuming the CIA's acknowledgment of of a cryptonym[1] "by a particular individual

---

[1]Whereas plaintiffs use "aliases" as shorthand for the collective phrase "code names, cryptonyms, pseudonyms or aliases," the CIA employs "cryptonym" for this purpose.

at a particular time is immaterial to the issues in this FOIA action against State[,]" stating that: "For example, the fact that the CIA may have admitted the use of the cryptonym or code name `John Doe'does not establish or admit that the State Department <u>has or could have</u> records that the CIA used John Does as an alias or code name, and does not establish or admit anything relating to actions that may have been taken by the State Department." <u>Id</u>., at 5-6 (emphasis added).

State's brief cites no authority for this claim, and it does not make sense. Once an alias is established, then it is obvious that State "could have" passport or visa records under that alias since State is authorized to issue such records. Indeed, it is this fact which is the basis for classifying such information in the name of national security, because once the alias is known a hostile foreign power could reason that travel documents might have been issued in connection with the alias used and take appropriate countermeasures.

The State Department states:

> At issue is whether the State Department may properly refuse to confirm or deny whether the State Department maintains passport and visa records under "code names, cryptonyms, etc." or indeed has any knowledge at all of the issuance of any passports or in such code names, etc. * * *
>
> Nothing in plaintiff's submission relates to passports, visas or applications for such documents, nor to to any operation of the State Department. Indeed, plaintiff has submitted no evidence relating to any passport and/or visa files pertaining to Joannides or Morales by code name, etc. Thus, the alleged disclosures by the CIA have no relevance to, and cast no doubt on, the State Department's declaration and assessment that to confirm or deny its possession of responsive

> documents would reveal classified information and refect an unacknowledged covert or clandestine intelligence source, method or activity. Plaintiff has demonstrated no prior disclosure relating to Department of State operations.

Id. at 7.

All of this argument is based on a false premise. Plaintiffs have now obtained precisely such evidence. A July 16, 1975 memorandum for "CCS/PRG, which deals with the "Return of Alias Documents" used by David Morales (referred to in the memorandum as "identity". The memorandumstates states that "[i]t is noted that identity also has a [redacted] Passport in the alias of Diego S. MARDONES Martinez." See Attachment 5.

As the issuer of passports, State would of course, "have knowledge" of the issuance of this passport under the alias of Diego S. Mardones Martinez. Far from "hav[ing] no relevance to, and cast[ing] no doubt on, the State Department's declarataion and assessment that to confirm or deny its possession of responsive documents would reveal classified information and reflect an unacknowledged covert or clandestine intelligence source, method or activity[,]" plaintiff's evidence regarding the use of the alias Diego S. Mardones Martinez in connection with a passport contradicts such claims and deprives them of any credibility. Contrary to State's representations, there is evidence of prior disclosure relating to State Department operations with respect to the Mardones passport. According, State has not met its burden of substantiating its Glomar defense with respect to the Mardones passport.

With regard to plaintiffs' argument that Exemption 3 has not been properly invoked because the Director of National Intelligence (DNI) has not filed a declaration invoking Exemption 3 to protect

intelligence sources and methods, State argues that it is responsible for the exemptions invoked in this case. Opp. at 8. But the statute relied upon to support the Exemption 3 claim confers the power to protect intelligence sources and methods on the DNI, not the Department of State. While State also asserts that the DNI has authorized State to take "all necessary and appropriate measures" to protect intelligence sources and methods in this case, this raises two problems. First, it is the deny, not State, who is authorized by statute to determine whether it is appropriate to protect information under the statutory provision. Second, Grafeld's representation of what the DNI has said is inadmissible hearsay and thus cannot be used to support a motion for summary judgment.

CONCLUSION

For the reasons set forth above, this Court should deny the State Department's motion for summary judgment and order it to search for responsive records under the name Diego S. Mardones Martinez.

Respectfully submitted,

James H. Lesar #114413
1003 K Street, N.W.
Suite 640
Washington, D.C. 20001

Counsel for Plaintiffs

Dated: February 27, 2008

JAMES H. LESAR
ATTORNEY AT LAW
1003 K STREET, N.W., SUITE 640
WASHINGTON, D.C. 20001

TELEPHONE (202) 393-1921
FAX (202) 393-7310

FREEDOM OF INFORMATIN ACT REQUEST

January 12, 2007

The Department of State
Research and Liaison Branch
1111 19th Street, N.W.
Room 500
Washington, D.C. 20524

VIA CERTIFIED MAIL NO.
7005 1160 0002 9259 7662

Re: Visa and Passport Records on David Morales and Gordon Campbell

Dear Sir or Madam:

I represent Mr. Jefferson Morley, a reporter for The Washington Post.Com . Pursuant to the Freedom of Information Act 5 U.S.C. 552, et seq., Mr. Morley requests all passport and visa records pertaining to Mr. George Joannides during the years 1963-1964 and 1967-1968. He requests that the processing of this request be expedited pursuant to 5 U.S.C. 552(a)(6)(E)(1).

The search for these records should include a search under any code names, cryptonyms, pseudonys or aliases used by Mr. Joannides. Mr. Joannides is known to have used the name "Walter Newby."

Mr. Joannides is a deceased former CIA officer. (A of an obituary is attached.) On November 20, 2006, BBC-TV ran a documentary which reported that three former CIA officials who had worked at the CIA's JM/WAVE station in Miami, Florida during the 1960s had been identified as appearing in photographs taken at the Ambassador Hotel in Los Angeles the night Senator Robert F. Kennedy was assassinated. One of these three, David Morales, has long been the subject of speculation that he was involved in the assassination of President Kennedy, and on at least two occasions he is said to have statements implicating himself in the President's assassination, and on one occasion, the assassination of Senator Robert Kennedy as well.

These allegations, which appear to be backed by some credible witnesses, raise issues of great public urgency. If true, the implications are potentially far-reaching and explosive. If the allegations made on the BBC program are not founded in fact, the public record should be clarified to show that as soon as possible.

Attachment 1

Mr. Morley and another reporter have signed a contract with The New Yorker Magazine to write a story reporting on the BBC-TV allegations. Their publication deadline is March 1, 2007.

In addition to the BBC-TV documentary, these allegations were the subject of an article in The Guardian., a copy of which is attached. The Baltimore Chronicle also ran a lengthy article by a British historian calling for a reopening of both the JFK and RFK assassinations. A copy of this article is also attached.

The BBC program also generated significant discussions in the comment boards for both The Guardian and BBC-TV web sites. Furthermore, the popular news aggregator del.icio.us.com 57 people have stored the British story for future reference. Looking at the sites daily ranking, this indicates that the BBC-TV allegations are probably among the five or ten most referenced Web articles. See: http://del.icio.us/popular/?new for the period November 20-December 7, 2006.

As an author and journalist, Mr. Morley is a "representative of the news media" and cannot be charged search fees. 5 U.S.C. 552(a)(4)(A)(ii)(II).

The FOIA provides that you have ten calendar days to make a determination whether or not to expedite processing of this request. Please advise me of you decision by fax or email. My fax number is (301) 657-3699. My email address is jlesar@mindspring.com.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Sincerely yours,

James H. Lesar



**United States Department of State**

***Washington, D.C. 20520***

March 2, 2007
Case Number: 200701176

Via Facsimile and Mail

James H. Lesar, Esq.
Attorney at Law
1003 K Street N.W., Suite 640
Washington, DC 20001

Dear Mr. Lesar:

This is in response to your Freedom of Information Act (FOIA) request, dated January 12, 2007, for copies of all documents relating to Mr. George Joannides' passport and visa records during the years 1963-1964 and 1967-1968.

As an initial matter, we note that your request was improperly sent to the wrong address, contrary to our published regulations at 22 C.F.R. Part 171. As a result, the request was not received in the proper office until February 27, 2007.

The subject line of your request letter indicates several individuals who do not appear to be a part of your request. Based on the content of your request letter, we interpret your request as concerning passport and visa records pertaining solely to Mr. George Joannides (a.k.a. "Walter Newby"), and not to any other individuals.

However, the request does not provide enough information for us to identify the records sought, and we cannot process your request until you provide us with more information than what we have received. Most useful in

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

Attachment 2

permitting identification of the requested passport records would be Mr. Joannides' date of birth (and Mr. Newby's if professedly different). If you cannot provide the date of birth, we may still be able to identify the particular records you request if you provide sufficient other information about the subject, such as place of birth, country of citizenship, middle initial, and confirmation of the subject's status as a government employee. We strongly encourage you to supply this and any other additional information even if you can provide the date of birth.

To enable us to locate and identify responsive visa records, please provide as much of the following information as possible: the subject's place and date of birth; complete spellings of the name and any aliases; location of the U.S. Foreign Service post abroad where application was made; visa type (immigrant or non-immigrant); whether granted or denied; date of issuance or denial; and case number (immigrant visa only).

Since the Department cannot process your request based upon the information contained in your request letter, this case has been closed. Upon receipt of the necessary information described above, we will open a new case and begin processing your request immediately.

For your information, we would not have visa records about United States citizens, because the Department of State only issues visas to foreign nationals. For individuals who have already immigrated to the United States and have been issued a permanent resident alien card (a "green card"), their immigration records are in the custody of the United States Citizenship and Immigration Service, not the Department of State.

Also, please note that the FOIA exempts from disclosure those agency records that are otherwise protected from release by federal statutes other than the FOIA (see 5 U.S.C. § 552(b)(3)). One such statute is Section 222(f) of the Immigration and Nationality Act (8 U.S.C. § 1202(f)), which renders

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

RECEIVED

-3-

confidential those records of the Department of State pertaining to the issuance or refusal of visas or permits to enter the United States. As a result, you should be aware that State Department visa records are generally exempt from disclosure under the (b)(3) exemption to the FOIA. This is the case regardless of whether the requester is a third party or the visa applicant himself/herself and regardless of whether the visa applicant has authorized the FOIA request or is no longer living.

Also, in general, under the provisions of the FOIA and the Privacy Act of 1974, access to information about third parties cannot be given to unauthorized third parties absent the third party's written consent. If Mr. Joannides is a living individual, please contact us for information about Department of State requirements for written consent. If he is deceased, please provide proof of death, *e.g.*, a newspaper obituary or a copy of a death certificate, or advise us that none will be forthcoming.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated. In this case the cut-off dates would be the specified time frame of 1963-1964 and 1967-1968.

**Fees:** The Freedom of Information Act requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

By making a FOIA request, the requester shall be considered to have agreed to pay all applicable fees up to $25.00 unless a fee waiver has been granted. You may specify a willingness to pay a greater or lesser amount. If the estimated fees exceed this limit, you will be notified.

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

-4-

Based upon the information that you have provided, we have placed Mr. Jefferson Morley in the "Media" requester category. This category requires us to assess duplication costs after the first 100 pages.

Therefore, without an agreement to pay fees, please be advised that—once we receive enough information to process your request—it will be processed without cost up to the duplication of the first 100 pages.

Please let us know if you are willing to pay the fees that could be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay.

We note that you have requested expedited processing. Under our regulations, 22 C.F.R. § 171.12, requests shall be given expedited treatment "whenever a requester has demonstrated that a 'compelling need' for the information exists." The burden is on the requester to demonstrate such a need.

Since you have given us no reason to believe your request implicates substantial due process rights, humanitarian interests, or an imminent threat to life or physical safety, it appears that you are requesting expeditious processing under our regulations at 22 C.F.R. § 171.12(b)(2). Under this provision, a "compelling need" exists if the requester can demonstrate that "the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity." Information is urgently needed if it "has a particular value that will be lost if not disseminated quickly. Ordinarily this means a breaking news story of general public interest. Information of historical interest only . . . would not qualify, nor would a news media publication or broadcast deadline unrelated to the breaking nature of the information."

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

JAMES H. LESAR
ATTORNEY AT LAW
1003 K STREET, N.W., SUITE 640
WASHINGTON, D.C. 20001

TELEPHONE (202) 393-1921
FAX (202) 393-7310 April 23, 2007

Ms. Carrie B. Allen
Requester Communications Branch
Office of Information Programs and Services
U.S. Department of State
Washington, D.C. 20522-8100 via facsimile: (202) 261-8579

Re: Case No. 200701274

Dear Ms. Allen:

Your letter to me of March 2, 2007, states that my January 12, 2007 Freedom of Information Act request on behalf of Mr. Jefferson Morley was sent to the wrong address. On or about that date I called the State Department and asked to be put in touch with someone who could advise me as to whom my request should be submitted. After being transferred at least two or three times, I eventually spoke with an officer who claimed to know the answer. I then sent the request to the address I was given.

The request seeks passport and visa records on George E. Joannides and David Morales. Mr. George Joannides was born in Athens, Greece on July 5, 1922. He died in Houston, Texas on March 9, 1990. His Social Security number was 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.

David Morales is also a subject of this request. Mr. Morales was born August 26, 1925, in Phoenix, Arizona. He died May 8, 1978, in Tucson, Arizona. A copy of his obituary is attached.

As I advised in a letter dated February 21, 2007, the request for records pertaining to Gordon Campbell is withdrawn.

My client will agree to pay for the relevant records. However, he makes this commitment without waiving his right to seek a public interest fee waiver.

Sincerely yours,

James H. Lesar

Attachment 3

Felsinger of Coolidge; eight grandchildren and one great-grandson.

## David Morales

WILLCOX: Services for David Sanchez Morales, 52, who died May 8 in Tucson, were held at Sacred Heart Catholic Church with Fr. John Williams officiating.

Burial was in Sunset Cemetery, under direction of Westlawn Chapel and Mortuary.

Mr. Morales was born Aug. 26, 1925, in Phoenix, and had maintained an Arizona home while working for the Foreign Service, much of the time as a consular. He moved to Willcox two years ago upon retirement, and became active in civic affairs, including the Willcox Lions Club and as adjutant for the American Legion Post in Willcox.

He was graduated from the University of California at Los Angeles in 1947, and was a football player while a student at Phoenix Union High School.

Surviving are his wife, Joan, of Willcox; four daughters, Juanita Gago of Studio City, Calif.; Martha J. Morales of Bakersfield, Calif., and Maureen and Marianne Morales, both of Willcox; four sons, James of Newton, Mass., Anthony of Amhurst, Mass., and Ernesto and Gregory, both of Willcox; two brothers, Raymond and Robert Morales, both of Phoenix; two sisters, Carmen Fronteres and Frances Baguio, both of Arvin, Calif., and one grandchild.

## Eleanor Dustin

BYLAS: Services for Mrs.



**United States Department of State**

***Washington, D.C. 20520***

June 22, 2007
Case Numbers: 200701176
and 200703072

James H. Lesar, Esq.
Attorney at Law
1003 K Street N.W., Suite 640
Washington, DC 20001

Dear Mr. Lesar:

This is in response to your correspondence dated April 23, 2007 requesting copies of passport and visa records pertaining to George E. Joannides and David Morales.

This is to advise you that we now have enough information about the records requested to deem your request valid. For faster processing, we have assigned separate case numbers to your requests for records concerning Joannides (case number 200701176) and Morales (200703072). We will notify you as soon as responsive material has been retrieved and reviewed.

As indicated in your letters of January 12 and February 21, our search will target records pertaining to the subjects during the years 1963-64 and 1967-68.

<u>Fees:</u> The Freedom of Information Act requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the "Media" requester category. This category requires us to assess duplication costs after the first 100 pages.

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

Attachment 4

-2-

You have stated your willingness to pay all the fees incurred in the processing of this request.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number(s) of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Carrie B. Allen

Carrie B. Allen
Requester Communications Branch

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

Date: 07/07/03

JFK ASSASSINATION SYSTEM
IDENTIFICATION FORM

---

AGENCY INFORMATION

AGENCY : CIA
RECORD NUMBER : 104-10121-10130
RECORD SERIES : JFK
AGENCY FILE NUMBER : 80T01357A

---

DOCUMENT INFORMATION

AGENCY ORIGINATOR : CIA
FROM : KING, JOSEPH F., CHIEF, LA SECURITY
TO : CCS/PRG
TITLE : RETURN OF ALIAS DOCUMENTS.
DATE : 07/16/1975
PAGES : 2

SUBJECTS : WITHHELD
WITHHELD
WITHHELD
WITHHELD

DOCUMENT TYPE : PAPER
CLASSIFICATION : SECRET
RESTRICTIONS : 1B
CURRENT STATUS : RELEASED IN PART PUBLIC - RELEASED WITH DELETIONS
DATE OF LAST REVIEW : 09/13/97
COMMENTS : JFK44 : F22 : 1997.09.13.16:15:01:780031

**Attachment 5**

---

[R] - ITEM IS RESTRICTED 104-10121-10130

16 July 1975

MEMORANDUM FOR : CCS/PRG

SUBJECT : Return of Alias Documents

Returned herewith are alias documents which have been issued to identity in the aliases of Miguel P. COSSIO; Diego S. MARDONES; Daniel Suarez MORENO; Simon S. MARTINEZ. These documents have been utilized by identity for operational purposes. However, as he is due to retire on 31 July 1975, they are being returned to you for final disposition. The documents returned are as follows:

Miguel P. COSSIO (A)
- CIA Credential #1716 forwarded secretary
- Social Security Card
- Continental Insurance Companies Card
- Washington Theater Club Card
- RCA Record Club Card

Diego S. MARDONES (A)
- Dade Country Library Card
- AAA Card
- Social Security Card
- Humble Travel Club, Inc. Card
- Pan American Bank Card
- ABC Card

Daniel SUAREZ Moreno (A)

[ 11, 31 ]

CIA SPECIAL COLLECTIONS
RELEASE AS SANITIZED

Declassified and Approved for Release by the Central Intelligence Agency
Date: 2/2003

SECRET/RYBAT

SECRET/RYBAT

Simon S. MARTINEZ (A)
Health Cert. #41716
Nat. Science Book Club
AM Bowling Congress Card
SS Card
GEFCO Card
Ft. Wash. Yacht & Tennis Club
DC Nat'l Bk
Best Products Co., Inc.
Special Rep Credential #389
Calling Cards

2. It is noted that identity also has a [ 11 ] Passport in the alias of Diego S. MARDONES MARTINEZ. This document is currently maintained by identity who is on TDY in [ 16 - 29 ] The document will be retrieved from identity upon his arrival at Headquarters and will be returned separately to CCS.

3. Records available in L.A. Division also reflect that identity was issued a [ 10 ] Driver License in the alias of Miguel P. COSSIO and a [ 10 ] Driver License in the alias of Diego S. MARDONES. These two documents were reportedly returned to the Office of Technical Services in April 1974.

4. Should any further questions arise relative to this matter, please direct your inquiries to undersigned on extention X6300 or R1546.

Joseph F. King
Joseph F. King
Chief, LA Security

Attachment:
As Stated

Identity:
David Morales

O/C 39418

SECRET/RYBAT

2 IMPDET CL BY