UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID TALBOT, et al.,           )
                                )
         Plaintiffs,            )
                                )
    v.                          )    Civil Action No. 07-277 (RJL)
                                )
CENTRAL INTELLIGENCE            )
AGENCY, et al.,                 )
                                )
         Defendants.            )

MEMORANDUM OPINION
(September 16, 2009) [# 43]

Plaintiffs Jefferson Morley ("Morley") and David Talbot ("Talbot") filed this lawsuit against the Central Intelligence Agency ("CIA") and the Department of State ("State Department") seeking information about certain former CIA agents under the Freedom of Information Act ("FOIA"). Plaintiffs now move the Court to dismiss the action and award costs in the amount of $379.98. For the following reasons, plaintiffs' Motion for Voluntary Dismissal is GRANTED and plaintiffs' Motion for Costs is DENIED.

BACKGROUND

Morley, a news editor and author, and Talbot, a journalist and founder of Salon.com, were investigating connections between CIA operatives and the assassinations of President John F. Kennedy and Senator Robert F. Kennedy.

1

(Am. Compl. ¶¶ 2-3, 9-12, 15, 26.) To that end, both plaintiffs filed FOIA requests—Talbot with the CIA and Morley with the State Department—seeking information about certain CIA agents.

On September 23, 2008, this Court issued a Memorandum Opinion and Final Order granting the State Department's motion for summary judgment and dismissing Morley's action. *Talbot v. CIA*, 578 F. Supp. 2d 24 (D.D.C. 2008). Morley's action was dismissed because the State Department properly asserted a "Glomar response," whereby it refused to disclose the existence or non-existence of some of the records Morley sought because to do so might reveal intelligence sources and methods. *Id.* at 27-28.

Shortly thereafter, on December 17, 2008, the CIA moved for summary judgment against Talbot. On January 2, 2009, Talbot sought an extension of time to oppose the CIA's summary judgment motion. On January 16th, however, Talbot and Morley moved instead for voluntary dismissal with an award of costs in the amount of $378.98. The CIA and State Department agree that the action should be dismissed, but they oppose the award of any costs to the plaintiffs.

### DISCUSSION

Plaintiffs argue that they are entitled to costs other than attorney's fees pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Rule 54(d)(1) states, in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party. But *costs*

2

> *against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.*

Fed. R. Civ. P. 54(d)(1) (emphasis added). Because the Rule explicitly limits awards against agencies of the United States to only those allowed by law, this Court must determine whether applicable law—in this case, the FOIA—allows plaintiffs to recover costs in this case. It does not!

In December 2007, as part of the OPEN Government Act of 2007, Congress amended the FOIA's provisions on eligibility to recover fees and costs. The Act reinstated the "catalyst theory" for determining whether a plaintiff was a "prevailing party" and thus eligible to be awarded costs. *See Judicial Watch v. Federal Bureau of Investigation*, 522 F.3d 364, 370 (D.C. Cir. 2008). Under the reinstated "catalyst theory," a plaintiff "has substantially prevailed if the complainant has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* (quoting 5 U.S.C. § 552(a)(4)(E)(ii)).

At the time Talbot and Morley filed this suit in February, 2007, however, there was a more restrictive standard for awarding attorney's fees ("the old standard") in place in our Circuit. Indeed, unlike the "catalyst theory," plaintiffs could not "prevail" unless they had "'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456-57

(D.C. Cir. 2002) ("OCAW") (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603 (2001)).

Until recently, it was unclear in our Circuit whether the less restrictive "catalyst theory" would apply retroactively to cases like Talbot and Morley's that were pending when the OPEN Government Act went into effect. *See, e.g., Short v. United States Army Corps of Engineers*, 613 F. Supp. 2d 103, 107 (noting the split in this District as to the issue of retroactivity). That issue was resolved, however, this past June when our Circuit Court held it was *not* retroactive. *See Summers v. Dep't of Justice*, 569 F.3d 500, 502 (D.C. Cir. 2009). Accordingly, the only question this Court must decide is whether Talbot and Morley are eligible to be awarded costs under the old standard. They are not.

As noted above, Talbot and Morley are eligible for costs under the old standard if they "substantially prevailed" by being awarded a judgment on the merits or via a consent decree. *See id.* at 505. Not only did Morley not obtain any favorable relief from this Court, he actually *lost* a judgment on the merits when the Court granted the State Department's motion to dismiss his action. *Talbot*, 578 F. Supp. 2d 24. And as for Talbot, he filed the instant motion for voluntary dismissal without ever obtaining a judgment, or consent decree, in his favor. Therefore, neither plaintiff is eligible to receive the costs they seek under the old standard.

5

Thus for all these reasons, plaintiffs' Motion for Voluntary Dismissal is GRANTED and plaintiffs' Motion for Costs is DENIED. An appropriate order will issue with this Memorandum Opinion.

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge